# UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Ryan White,
    Petitioner

vs                                                               Case No. 1:02cv109
                                                              (Beckwith, J.; Hogan, M.J.)

Pat Hurley,
    Respondent

## ORDER TO EXPAND RECORD

      Petitioner, an inmate in state custody at the Ross Correctional Institution in Chillicothe, Ohio, brings a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1997 convictions for aggravated robbery and petty theft. (*See* Doc. 1 at 5). As his grounds for relief, petitioner alleges that there was insufficient evidence to support his convictions and that the convictions were against the manifest weight of the evidence. (*Id.*). In his return of writ, respondent asserts that the petition is time-barred under the one year statute of limitations provided by 28 U.S.C. § 2244 (d). (*See* Doc. 6 at 5-8).

      Petitioner was convicted and sentenced on December 24, 1997 but failed to file an appeal within the thirty days period required by Ohio R.App. P. 4. (Doc. 6 at 6). Respondent argues that his conviction became final on January 23, 1998, at the conclusion of the expiration of the time for seeking appellate review. (*Id.*). Respondent further argues that petitioner had one year from that time or until January 23, 1999 to file his petition for habeas corpus review. (*Id.*). Petitioner

executed his habeas corpus petition in October of 2001, making it untimely. Although petitioner filed a motion for a delayed appeal on September 20, 1999 which was granted by the Ohio Court of Appeals and which can potentially toll the limitations period under *Searcy v. Carter,* 246 F.3d 515, 518-519 (6th Cir.), *cert. denied,* 534 U.S. 905 (2001), respondent maintains that the motion had no effect on the running of the limitations period because the period had already expired. (Doc. 6 at 8).

In its review of the state court record in this case, the Court believes that there may be a basis for equitably tolling the time period before petitioner sought his delayed appeal because the trial court failed to fully inform petitioner of his right to an appeal and petitioner was therefore unable to timely secure appellate assistance. In his motion for a delayed appeal, petitioner asserts that the trial judge failed to inform him of the thirty day time period for filing a notice of appeal and also failed to inquire whether petitioner desired to take an appeal and have counsel appointed for him. (Doc. 6, Ex. 8 at 3). The sentencing transcript substantiates petitioner's allegations. ( Doc. 6, Ex. 8 at Ex. D, Tr. 9). In an affidavit filed with his motion for a delayed appeal, petitioner states that he contacted his trial attorney after his sentencing hearing informing him of his desire to appeal, but counsel informed him that there was no basis for an appeal and counsel took no further action. (Doc. 6, Ex. 8 at Ex. E). Petitioner states that he tried to appeal on his own by writing a letter to the trial judge. (*Id.*). He maintains that he did not know that he could have requested that another attorney be appointed to handle his appeal because he was not so advised by the court. (*Id.*). Petitioner ultimately contacted the Public Defender's Office for assistance. (*Id.*). Counsel in the Public Defender's Office asserts that she prepared the motion "as soon as practicable" considering "the need to investigate and conduct legal research as well as collect various affidavits and other pertinent court documents and obtain a detailed explanation from Mr. White regarding why a timely notice of appeal had not been filed on his behalf." (Doc. 6, Ex. 8 at Ex. F). As a result, petitioner's motion for a delayed appeal was filed approximately one year and eight months beyond the appeal period.

To assist this Court in determining whether equitable tolling is appropriate in this case, and in particular whether petitioner pursued his rights diligently, *see Dunlop v. United States,* 250 F.3d 1001, 1008 (6th Cir.), *cert. denied,* 534 U.S. 1057 (2001), petitioner is hereby ORDERED, pursuant to Rule 7 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254, to inform this court and provide any supporting documentation of:

      1. the date he contacted his trial attorney requesting that he appeal,

      2. the date he wrote the trial judge concerning his desire to appeal,

      3. the date he contacted the Public Defender concerning an appeal,

      4. the date he learned that he had thirty days in which to file his appeal.

Petitioner is directed to provide this information to the Court within twenty (20) days of the date of this Order. Respondent may file its response to petitioner's submission no later than ten (10) days from the time petitioner files his submission with this Court. *See* Rule 7 (c) of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254.

      In the event that equitable tolling is determined to be appropriate in this case, this court will need to address the merits of petitioner's claims. Review of the transcript of the trial would be helpful to this Court in adjudicating petitioner's insufficiency of evidence claims. Because the transcript is not contained in the record submitted to the Court by respondent, respondent is hereby ORDERED to provide this Court with the trial transcript within twenty (20) days of the date of this Order.

      IT IS SO ORDERED.

Date: <u>March 24, 2004</u>                     <u>S/Timothy S. Hogan</u>
                                                 Timothy S. Hogan
                                                 United States Magistrate Judge

J:\ROSENBEH\2254(2004)\02-109expsol.wpd