# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Ryan White,
    Petitioner

    vs                                 Case No. 1:02cv109
                                             (Beckwith, J.; Hogan, M.J.)

Pat Hurley,
    Respondent

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the Ross Correctional Institution in Chillicothe, Ohio, brings this action pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition, respondent's answer, and petitioner's reply. (Docs. 1, 6, 9).

### Procedural Background

The July 1997 term of the Clinton County, Ohio, grand jury returned an indictment charging petitioner with one count of aggravated robbery as defined in Ohio Rev. Code § 2911.01(A)(3), one count of robbery as defined in Ohio Rev. Code § 2911.02 (A)(2), one count of assault as defined in Ohio Rev. Code § 2903.13(A), one count of felonious assault as defined in Ohio Rev. Code § 2903.11(A) (1), and one count of petty theft as defined in Ohio Rev. Code § 2913.02(A)(1). (Doc. 6, Ex. 1).

A jury found petitioner guilty of all charges except robbery. (Doc. 6, Ex. 5). On December 24, 1997, the court sentenced petitioner to terms of incarceration of five (5)

years for aggravated robbery, seven (7) years for felonious assault, and six months in jail for each of the crimes of assault and petty theft. (Doc. 6, Ex. 6). The prison terms were to be served consecutively to each other and the jail terms were to be served consecutively to each other but concurrently to the prison terms. (*Id.*). Petitioner did not perfect a timely appeal of his convictions.

On September 20, 1999, petitioner filed a notice of appeal and motion for leave to file a delayed appeal in the Ohio Court of Appeals. (Doc. 6, Exs. 7, 8). On November 10, 1999, petitioner's motion for a delayed appeal was granted. (*Id.*, Exs. 16, 17). In his brief, petitioner argued that the state failed to present sufficient evidence to support his convictions for felonious assault, aggravated robbery and petty theft and that these convictions were against the manifest weight of the evidence. (*Id.*, Ex. 11). On December 4, 2000, the Ohio Court of Appeals overruled each assignment of error and affirmed the judgment of the trial court. (*Id.*, Ex. 13).

Petitioner filed a pro se motion for a delayed appeal in the Supreme Court of Ohio on May 10, 2001 which the Court denied on June 27, 2001. (*Id.*, Exs. 14, 15).

Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising the following grounds for relief and supporting facts which are quoted verbatim:

> **Ground One:** Manifest weight of the evidence.
>
> > **Supporting facts:** Appellant's conviction should be reversed because it is contrary to the manifest weight of the evidence.
>
> **Ground Two:** Insufficient evidence.
>
> > **Supporting facts:** The aggravated robbery and petty theft are not supported by sufficient evidence.

(Doc. 1 at 5).

In his return of writ, respondent argues that the petition is time barred under 28 U.S.C. § 2244(d). (Doc. 6 at 5). Because there was evidence on the record that the

state trial court failed fully to advise petitioner of his right to an appeal, that his trial counsel failed to file a timely notice of appeal contrary to petitioner's instructions, and that petitioner attempted to contact the trial court to secure new representation, this Court ordered petitioner to provide additional information to assist in determining whether equitable tolling was appropriate during the period of time between petitioner's conviction and his motion for a delayed appeal and whether petitioner pursued his rights diligently. (Doc. 10). Petitioner failed to respond. Since the statute of limitations is not jurisdictional, *see Neverson v. Farquharson,* 366 F.3d 32, 40 (1st Cir. 2004); *Allen v. Yukins,* 366 F.3d 396, 401 (6th Cir. 2004), and this Court is reluctant to bar the habeas petition of a pro se prisoner where there is significant evidence that he pursued his state appellate rights diligently, the Court will address the merits of petitioner's claims.

## OPINION

### I.  Petitioner 's claim that his convictions were against the manifest weight of the evidence, asserted in ground one, is not cognizable.

As his first ground for relief, petitioner argues that his convictions were against the manifest weight of the evidence.

The Due Process Clause requires the State to prove beyond a reasonable doubt every fact necessary to constitute the charged offense. *In Re Winship,* 397 U.S. 358, 363-64 (1970). When petitioner raises an insufficiency of evidence claim in a petition for a writ of habeas corpus, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319 (1979) (emphasis in original). This standard does not require the State to rule out every hypothesis except that of guilt beyond a reasonable doubt. *Id.* at 326. Rather, under this standard, "a federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume–even if it does not affirmatively appear in the record–that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Id.*; *see also Walker v. Engle,* 703 F.2d 959, 969-70 (6th Cir.), *cert. denied,* 464 U.S. 951, 962 (1983). It is the jury's responsibility as the trier of fact to resolve conflicts in testimony, to weigh the evidence and to draw reasonable inferences from the evidence. *Jackson,* 443 U.S. at 319. Consequently, the reviewing

court is not permitted to make its own subjective determination of guilt or innocence or otherwise substitute its opinion for that of the jury which convicted the petitioner. *Id.* at 318-19 & n.13; *see also York v. Tate,* 858 F.2d 322, 329 (6th Cir. 1988) (per curiam), *cert. denied,* 490 U.S. 1049 (1989).

   The Due Process Clause of the Constitution only forbids convictions based on "evidence insufficient to persuade a rational factfinder of guilt beyond a reasonable doubt." *Tibbs v. Florida,* 457 U.S. 31, 45 (1982). As both the United States and Ohio Supreme Courts have recognized, the standard employed when reviewing a claim that a guilty verdict was against the manifest weight of the evidence is both quantitatively and qualitatively different from the standard used when considering a constitutional due process claim based upon the sufficiency of evidence. *See id.* at 44-45*; State v. Thompkins,* 678 N.E.2d 541, 546 (Ohio 1997), *superseded by state constitutional amendment on other grounds in State v. Smith,* 684 N.E.2d 668 (Ohio 1997); *see also State v. Mardis,* 729 N.E.2d 1272, 1274 (Ohio Ct. App. 1999), *motion for delayed appeal denied,* 755 N.E.2d 354 (Ohio 2001). The manifest weight of evidence standard is a broader test than the standard used to evaluate the sufficiency of evidence. *State v. Martin,* 485 N.E.2d 717, 720 (Ohio Ct. App. 1983); *see also State v. Thompson,* 713 N.E.2d 456, 468 (Ohio Ct. App.), *appeal not allowed,* 700 N.E.2d 334 (Ohio 1998); *cf. Tibbs,* 457 U.S. at 41-45. In essence, sufficiency, which implicates due process concerns, tests the adequacy of the evidence in proving the essential elements of the offense charged and presents a question of law, which may not be resolved by the reviewing court through weighing the evidence; in contrast, in determining whether reversal is warranted based on the weight of the evidence, the appellate court sits as a "thirteenth juror" to assess the jury's resolution of conflicting testimony upon review of the entire record, which includes weighing the evidence and all reasonable inferences and considering the credibility of witnesses. *Thompkins,* 678 N.E.2d at 546-47; *see also Tibbs,* 457 U.S. at 41-42; *Martin,* 485 N.E.2d at 720-21. As the Supreme Court explained in *Tibbs,* 457 U.S. at 43, unlike a reversal on the ground of insufficient evidence, a reversal based on the weight of the evidence "does not mean that acquittal was the only proper verdict." Rather, a reversal based on the weight of the evidence "can occur only after the State both has presented sufficient evidence to support conviction and has persuaded the jury to convict. The reversal simply affords the defendant a second opportunity to seek a favorable judgment." *Id.* at 42-43.

   A federal court may review a state prisoner's habeas corpus petition only on the ground that the challenged confinement violates the Constitution, laws, or treaties of

the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *Smith v. Sowders,* 848 F.2d 735, 738 (6th Cir.), *cert. denied,* 488 U.S. 866 (1988). Accordingly, this Court concludes petitioner's claim in ground one of the petition that his convictions were against the manifest weight of the evidence does not implicate constitutional concerns, but instead only raises an issue of state law that is not cognizable in this federal habeas corpus action.

### II. Petitioner is not entitled to habeas corpus relief based on his sufficiency of evidence claim, asserted in ground two of the petition.

In his second ground for relief, petitioner asserts that the evidence was insufficient to support his aggravated robbery and petty theft convictions. (*See* Doc. 1 at 5). In his brief to the Ohio Court of Appeals, he explained that the evidence was insufficient because he was not present at the time that the property was taken from the victim. (Doc. 6, Ex. 11 at 8).

Under the standard established by the Antiterrorism and Effective Death Penalty Act (AEDPA), codified principally at 28 U.S.C. § 2254 (d), petitioner is not entitled to federal habeas corpus relief, unless the state court's adjudication of his claim resulted in a decision that (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *See* 28 U.S.C. § 2254(d); *see also Williams v. Taylor,* 529 U.S. 362, 402-03 (2000) (O'Connor, J., writing for majority on this issue); *Harris v. Stovall,* 212 F.3d 940, 942 (6th Cir. 2000), *cert. denied,* 532 U.S. 947 (2001); *Harpster v. Ohio,* 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied,* 522 U.S. 1112 (1998). A state court decision is "contrary to" clearly established federal law as determined by the Supreme Court under § 2254(d)(1) if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams,* 529 U.S. at 405-06 (O'Connor, J.); *Harris,* 212 F.3d at 942.

An "unreasonable application" of Supreme Court precedent occurs (1) if the state court identifies the correct legal standard but unreasonably applies it to the facts of the case, or (2) if the state court either unreasonably extends a legal principle from

Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams,* 529 U.S. at 407-08 (O'Connor, J.). Under § 2254(d)(1)'s "unreasonable application" clause, a federal habeas corpus court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411 (O'Connor, J.); *see also McGhee v. Yukins,* 229 F.3d 506, 510 (6th Cir. 2000); *Harris,* 212 F.3d at 942. The reasonableness inquiry is an objective one; it does not involve a subjective inquiry into whether or not reasonable jurists would all agree that the state court's application was unreasonable. *Williams,* 529 U.S. at 409-10 (O'Connor, J.); *see also Washington v. Hofbauer,* 228 F.3d 689, 698 (6th Cir. 2000); *Harris,* 212 F.3d at 942-43. Moreover, the writ may issue only if the application is objectively unreasonable "in light of the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision." *McGhee,* 229 F.3d at 510, 512 (citing *Williams,* 529 U.S. at 412).

The Ohio Court of Appeals made the following findings of fact concerning the underlying offenses, which are entitled to a presumption of correctness:[1]

> In the dark, early morning hours of July 19, 1997, Aaron Jeffery, age thirteen, and Timothy Taylor, age fourteen, were walking through the Wilmington Green apartment complex in Wilmington, Ohio, on their way to Bob and Carl's carryout. As they passed by the playground, they were called over by a group of young men, including appellant who were members of the "Deuce Hoover 187 Crypts" and "74 GD Folk" gangs. One of them asked the boys if they were going to join their "clan." After the boys replied "no," they continued on their way.
>
> Two of the men, on orders from a senior gang member to "shake down" or rob the boys, caught up with Aaron and Timothy. The two men patted down Aaron. Timothy told them he only had $2 with him. The

---

[1] 28 U.S.C. § 2254(e)(1) provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct" unless petitioner rebuts the presumption by "clear and convincing evidence." Petitioner failed to rebut the court's findings with clear and convincing evidence.

>   remaining men, including appellant, surrounded the boys. Within moments, someone asked "what's 409 plus one," a gang signal to beat up the boys. Appellant hit Aaron, who, although hurt, was able to run to the carryout and call the police. Another gang member struck Timothy, who was knocked unconscious by the blow. The gang then dispersed. However a short time later, two gang members returned and stole Timothy's Nike sandals and the $2 he had with him.
>
>   As a result of the injuries from the attack, Timothy suffered severe head trauma, including damage to his frontal lobes. He spend several days in an intensive care unit and several weeks in rehabilitation to learn to balance and walk again. Timothy under went a personality change as a result of the trauma to his brain and is now violent and largely unexpressive of emotions except for anger. He still requires constant supervision, psychological counseling, speech therapy, and medications to control his anger and to help him sleep.

(Doc. 6, Ex. 13 at 1-2). The Court further found:

>   The state presented evidence that appellant and the other members of the gang he was with encouraged the other two young men to assault and rob Aaron and Timothy. Appellant, along with the others, surrounded Timothy and Aaron while the other two approached the boys. When a call came from within the group to attack the boys, appellant immediately stepped forward and struck Aaron, while another gang member struck Timothy. Timothy was seriously injured as a result of the attack.

(*Id.* at 4).

`The Ohio Court of Appeals addressed petitioner's claim that the evidence was insufficient to support the aggravated robbery and theft convictions, as follows:

>   Appellant next argues that his convictions for aggravated robbery and petty theft are not supported by sufficient evidence. Appellant contends that the only property stolen was taken from Timothy after appellant had left the scene of the assault, thereby absolving him of responsibility.

7

> The state presented evidence establishing appellant's participation in the assault on Timothy. The assault was a group effort planned by appellant and other gang members. The purpose of the assault was to provide two members the opportunity to rob Aaron and Timothy and prove their loyalty to the gang. When the call for an assault on the boys was made, appellant participated in the assault. When they realized that Timothy had been knocked out with the single blow, the gang dispersed. Although the robbery did not immediately follow, it occurred within a few minutes of the attack and was part of the gang's original intent in assaulting the boys. Appellant's intent to rob Timothy may be inferred by his presence, companionship, and conduct before and during the offense.
>
> Upon review of the record, we find that the state presented evidence, which, if believed, supports each of appellant's convictions.

(*Id.* at 4-5) [citations omitted].

> Ohio Revised Code § 2913.02(A)(1) defines theft as follows:
>
> (A) No person, with purpose to deprive the owner of property or service, shall knowingly obtain or exert control over either the property or services in any of the following ways:
> (1) Without the consent of the owner or person authorized to give consent.

Under this statute, theft of property valued at less than $500 is petty theft, a misdemeanor of the first degree. Ohio Rev. Code § 2913.02(B)(2). A person acts knowingly when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. Ohio Rev. Code § 2901.22.

> Aggravated robbery requires the state to show defendant, in attempting, committing, or fleeing from a theft offense inflicted or attempted to inflict serious physical harm on another. Ohio Rev. Code § 2911.01 (A)(3).
>
> Petitioner was charged with complicity in the commission of the aggravated robbery and petty theft offenses. (Doc. 13, Tr. 84, 213). Ohio's complicity statute, Ohio Rev. Code § 2923.03(A), provides as follows:

>   (A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:
>
>   . . .
>
>   (2) Aid or abet another in committing the offense.

Under Ohio Rev. Code § 2923.03 (F), a person guilty of complicity in the commission of an offense is to be prosecuted and punished as if he were the principal offender. To support a conviction for complicity by aiding and abetting, "the evidence must show that the defendant supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal intent of the principal." *State v. Johnson,* 754 N.E.2d 796, 801 (Ohio 2001); *see State v. Stepp,* 690 N.E.2d 1342, 1347 (Ohio Ct. App. 1997). "Participation in criminal intent may be inferred from presence, companionship and conduct before and after the offense committed." 754 N.E.2d at 800 (quoting *State v. Pruett,* 273 N.E.2d 884, 887 (Ohio 1971)). Physical presence during the commission of the crime is not a prerequisite to a complicity charge. *See Stepp,* 690 N.E.2d at 1348 (defendant guilty of aiding and abetting felonious sexual penetration by allowing her boyfriend to enter her 14 year old daughter's room at night, ignoring her daughter's reports that he was having sex with her, and by supplying birth control to her, although defendant not physically present in bedroom during offense).

     Petitioner's admissions to the investigating officer and the testimony of Aaron, one of the victims, provide evidence of petitioner's crimes. Petitioner admitted to the investigating police officer that the head of one of the gangs had challenged two more junior members, Nick and Phillip, to rob Aaron and Timothy. (Doc. 13, Tr. 164, 169). Petitioner told the officer that after Nick and Phillip confronted the victims, the rest of the gang members including petitioner surrounded them. (*Id.*). Aaron, one of the victims, testified that three to five gang members, including petitioner, encircled him and Timothy after Nick and Phillip patted them down. (Doc. 13, Tr. 94-97). Aaron testified that petitioner hit him after one of the gang members issued the "beat-down" signal "What's 409 plus one?" (*Id.,* Tr. 101). Petitioner admitted to the police that he struck Aaron. (*Id.,* Tr. 165). Another member of the group hit Timothy. (*Id.,* Tr. 167). The gang members left and Aaron ran to get help. (*Id.,* Tr. 99, 102). Petitioner told the investigating officer that Nick and another boy returned to the scene and the officer determined that at that time, sandals and $2.00 were removed from an unconscious Timothy. (*Id.,* Tr. 167, 182, 185).

By encircling the victims and assaulting one of them, petitioner cooperated in and assisted in the theft and aggravated robbery committed against Timothy. The entire purpose of the group's efforts was to rob the victims. Although petitioner did not personally remove the sandals and money from Timothy, petitioner assisted those that did. The fact that he joined in the group's efforts by assaulting Aaron is evidence of petitioner's intent to participate in the group's overall plan of stealing from the victims.

Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that petitioner aided and abetted the aggravated robbery and theft committed against the victim, Timothy. This Court concludes that the ruling of the Ohio Court of Appeals on the sufficiency of evidence with respect to theft and aggravated robbery comports with the Supreme Court's *Jackson* standard and was based on a reasonable assessment of the facts in light of the record evidence.

Accordingly, petitioner is not entitled to habeas corpus relief with respect to his sufficiency of evidence claim asserted in ground two of the petition.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docs. 1) be DENIED with prejudice.

2. A certificate of appealability also should not issue with respect petitioner's claims because, for the foregoing reasons, petitioner has failed to make a substantial showing of the denial of a constitutional right that is remediable in this proceeding. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Petitioner has not shown that reasonable jurists could debate whether his claims should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 323-324 (2003) (quoting *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000)) (in turn quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)).

3. With respect to any application by petitioner for *in forma pauperis* status for the purposes of pursuing an appeal of an order adopting this report and recommendation, this Court certify that pursuant to 28 U.S.C. § 1915 (a) an appeal of this order would not be taken in "good faith," and, therefore, DENY petitioner leave

to proceed on appeal *in forma pauperis*.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date:  June 3, 2004                           S/Timothy S. Hogan                         
hr                                            Timothy S. Hogan
                                              United States Magistrate Judge


J:\ROSENBEH\2254(2004)\02-109suffaggrobtheft.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ryan White,
    Petitioner

    vs

Pat Hurley,
    Respondent

Case No. 1:02cv109
(Beckwith, J.; Hogan, M.J.)

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled action. Pursuant to Fed. R. Civ. P. 72(b), any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).