UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION, CINCINNATI

| | | |
|---|---|---|
| **RYAN WHITE,** | : | Case No.  C-1-02-109 |
| Petitioner, | : | |
| | : | Judge Beckwith |
| v. | : | Magistrate Judge Hogan |
| | : | |
| **PAT HURLEY, Warden,** | : | |
| Respondent. | : | |

## RESPONDENT'S OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATION

In his report and recommendation, filed on June 3, 2004, the Magistrate determined that it was appropriate to review the merits of White's petition despite that the petition was, as argued by Respondent, clearly time-barred. Counsel does not object to the Magistrate's conclusion that Petitioner's two claims lack merit but does object to the Magistrate's conclusion that, despite certain failures that occurred in the state court, Petitioner pursued his claims diligently in the state court and for that reason he was entitled to have his claims reviewed on the merits. (Report and Recommendation, p. 3.) Respondent submits that Petitioner did not pursue his claims diligently in the state court therefore he is not entitled to equitable tolling sufficient to make his petition timely. White's petition, in fact, would be untimely even if the Magistrate granted equitable tolling for the period between conviction and the filing of the motion for delayed appeal. Additionally, White did not pursue his claims diligently before this court. Consequently, White's petition should have been dismissed as time barred.

The Magistrate considered Respondent's argument that the petition was

time barred, in his order dated March 24, 2004, but ordered Petitioner to submit additional documentation to substantiate that he had "diligently" taken certain actions to pursue his right to a direct appeal; the Magistrate indicated that the Petitioner might be entitled to equitable tolling under *Dunlap v. United States*, 250 F.3d 1001 (6th Cir.), *cert. denied* 534 U.S. 1057 (2001), for the period of time between the conclusion of direct review and the date Petitioner eventually filed a Motion for Delayed Appeal in the Clinton County Court of Appeals. In the Magistrate's order dated March 24, 2004, he ordered the Petitioner to provide such documentation within 20 days of the date of the Order. Respondent would then have been permitted to file a reply within 10 days.

Despite the court's clear directive, Petitioner did not file a response either providing the documentation or requesting additional time. The Magistrate acknowledged in his report and recommendation that the Petitioner had not responded to the order to substantiate that he was entitled to equitable tolling for a portion of the time that caused his petition to be late.

Petitioner's failure to respond at all deprived Respondent of the opportunity to point out to the court that the petition would not have been timely even if Petitioner were granted equitable tolling for the time period previously suggested. White's petition was filed 390 days after his last state court action was completed, that is after White's motion for delayed appeal and been decided. White filed an untimely appeal of the lower appellate court decision affirming his conviction; that untimely appeal cost White 157 days of his one-year period. He later allowed 233 days to pass before he filed his petition with this

2

court, for a total of 390 days.[1] Therefore his petition was late for this second reason and these latter filings demonstrate that White was not pursuing his claims diligently.

The Sixth Circuit Court of Appeals stated in *Dunlap v. United States*, *supra*, that the burden of proof is on the petitioner to demonstrate entitlement to equitable tolling. See *Dunlap* at 1010 (petitioner has failed to meet his burden of proof). See also *Calderon v. United States District Court*, 128 F.3d 1238 (9th Cir. 1997), *cert. denied* 118 S.Ct. 899 (1998) and *Carter v. W. Publ'g Co.*, 225 F.3d 1258, 1265 (11th Cir. 2000) (the party who seeks to invoke equitable tolling has the burden of establishing the basis for it). This court must be reminded that White did not

In *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001), the Sixth Circuit Court of Appeals acknowledged that a petitioner, under certain circumstances, may be entitled to equitable tolling of the federal habeas statute of limitations. The Court decided in that case to apply the same standard for determining whether equitable tolling is appropriate in a particular habeas case, as it had applied in non-habeas cases. The Court held that in order for a habeas petitioner to be entitled to equitable tolling he must satisfy the standard adopted in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988), that is:

---

[1] White filed, through counsel, a motion for delayed appeal on September 20, 1999. This appeal proceeded in the Clinton County Court of Appeals until December 4, 2000. However, White did not immediately file a timely appeal to the Ohio Supreme Court; rather he allowed 157 days to pass before he filed a late appeal on May 10, 2001. After this appeal was dismissed on June 27, 2001, by the denial of his motion for delayed appeal, White allowed an additional 233 days to pass before he filed his federal petition; he was therefore not diligent in pursuing his rights in state or federal court.

> \*\*\* This test was set out in *Andrews v. Orr,* 851 F.2d 146 (6th Cir. 1988). In *Andrews v. Orr*, we specifically identified five factors to consider when determining the appropriateness of equitably tolling a statute of limitations: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 561 (6th Cir. 2000).
>
> \*\*\*
>
> \*\*\* We therefore hold that hereafter equitable tolling shall only be appropriate, in habeas and all other cases, after a court has properly considered and balanced the factors set out in *Andrews v. Orr* unless there is congressional authority to the contrary.

The Court said too that the *Andrews v. Orr* test does not treat prejudice to the Respondent as an independent factor; prejudice may only be considered if other factors of the test are met and therefore can only weigh in the government's favor. *Dunlap*, 250 F.3d at 1009.

In White's case, he cannot satisfy the five factors of Dunlap. He made no claim that he was unaware of the requirement that he file his federal habeas petition within one year of January 23, 1998, the date his one-year began to run. He has further made no claim that he had no constructive knowledge of the time limitation; consequently he has not asserted that it was reasonable for him to remain ignorant of the time limitation. Thus he has failed to satisfy any of these three factors. More importantly, however, White has failed to demonstrate that he was diligent in pursuing his rights. White has failed to explain why he permitted 157 days to pass before he filed an appeal of the lower appellate court

4

decision affirming his conviction.[2]  He has also failed to explain why he allowed 233 days, 25 too many, to pass before he filed his federal habeas petition. Finally, the fifth *Dunlap* factor does not weigh in favor of White but in favor of the government.  The government is always prejudiced by the passage of time in prosecuting a crime.  White is not entitled to equitable tolling sufficient to warrant an adjudication of the merits of his claims before this court.

For all of the reasons set forth before, this federal court must find that the conclusion of the Magistrate, when he found there was "significant evidence that [White] pursued his state appellate rights diligently" was in error in part and that White did not pursue his claims diligently during the period after December 4, 2000.  This court must find that White is not entitled to equitable tolling for the period after that date and it must hold that his petition is untimely.[3]  This court should further find that White's failure to satisfy *Dunlap*, due to his lack of diligence in the state and federal courts and his failure to satisfy the other factors, warrants dismissal of his petition.

                         Respectfully submitted,

                         JIM PETRO

---

[2] In his motion for delayed appeal to the Ohio Supreme Court, White stated that he attempted to file a timely appeal but that the papers were returned to him on January 23, 2001.  White said the documents were faulty because he forgot to sign the certificate of service and he failed to attach a copy of the decision of the lower court.  However, it was May 10, 2001 before he re-submitted the appeal to the court accompanied by the motion. (See ROW, Exhibit 14.)  The Ohio Supreme Court did not find White's reasons for delay "adequate."  See S.Ct.Prac.R. II, Sec.2 (A)(4)(a).

[3] Because White failed to file a response to this court's order of March 24, 2004, Respondent could also argue that White did not met his burden of proof in demonstrating that he is entitled to equitable tolling for the entire period prior to the filing of his motion for delayed appeal.

         Attorney General

         s\Thelma Thomas Price
         THELMA THOMAS PRICE (0033976)
         Assistant Attorney General
         Corrections Litigation Section
         150 East Gay Street, 16th Fl.
         Columbus, Ohio 43215-6001
         (614) 644-7233
         (614) 728-9327-Fax
         e-mail: tprice@ag.state.oh.us

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing *Respondent's Objections to the Magistrate's Report and Recommendation* was sent to Petitioner, Ryan White #352-464, Ross Correctional Institution, P. O. Box 7010, Chillicothe, Ohio 45601 via regular U.S. mail, postage prepaid, on this 16th day of July 2004.

         s\Thelma Thomas Price
         THELMA THOMAS PRICE(0033976)
         Assistant Attorney General