```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      WESTERN DIVISION
```

Ryan White,                    )
                               )
        Petitioner,    )   Case No. 1:02-CV-109
                               )
  vs.                          )
                               )
Pat Hurley,                    )
                               )
        Respondent.    )

<u>Order Denying Petition</u>

Petitioner, an inmate in state custody, initiated this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after the expiration of the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). In his return of writ, Respondent argued for the dismissal of the petition as time-barred. United States Magistrate Judge Timothy S. Hogan concluded, however, that equitable tolling might apply and ordered Petitioner to provide additional information to assist the Magistrate Judge in that determination. Petitioner did not comply with that order. The Magistrate Judge, nevertheless, addressed the merits of Petitioner's claims without explicitly finding that equitable tolling does save Petitioner's petition from being time-barred or identifying the evidence upon which such a finding could be based. The Magistrate Judge found no merit in Petitioner's claims and recommended, in a Report and Recommendation issued on June 3, 2004, that the petition be denied with prejudice.

Respondent does not object to the recommended disposition but contends that the Magistrate Judge erred by addressing the merits of Petitioner's claims. Respondent observes that the Magistrate Judge failed to identify an evidentiary basis for the tacit conclusion that equitable tolling applies and notes that, because Petitioner did not comply with the Magistrate Judge's order to provide additional information, Respondent was not afforded the opportunity to address the equitable tolling issue.

The Court, having examined the record in this matter *de novo*, finds no basis for a conclusion that equitable tolling applies. See Fed. R. Civ. P. 72(b). The Court concludes, as the Magistrate Judge did, that the facts supporting such a conclusion are incomplete at best. Because the burden is upon a petitioner to establish the applicability of equitable tolling and Petitioner did not avail himself of the opportunity to do so in this case, the Court must conclude that the Magistrate Judge erred in tacitly concluding that Petitioner's petition is not time-barred. See McClendon v. Sherman, 329 F.3d 490, 494 (6th Cir. 2003).

In any event, the Magistrate Judge recommended that the petition be denied with prejudice, and Petitioner has not objected to that recommendation within the time allotted. Accordingly, the recommendation is hereby **ADOPTED**, albeit for

2

reasons different from those set forth by the Magistrate Judge. Respondent's objection is **SUSTAINED**. A certificate of appealability shall not issue. The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a), that an appeal of this Order would not be taken in good faith and, therefore, **DENIES** Petitioner leave to proceed *in forma pauperis* in any appeal from this Order. See Fed. R. App. P. 24(a); <u>Kincade v. Sparman</u>, 117 F.3d 949, 952 (6th Cir. 1997). This action is **CLOSED**.

    **IT IS SO ORDERED.**

                                                   /s/
                                        Sandra S. Beckwith
                                        United States District Judge